U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 27 1998

NANCY DOHERTY, CLERK
By
Deputy

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION,<br>Plaintiff,<br><br>vs.<br><br>AMERAPRESS, INC.,<br>a corporation,<br><br>VOXCOM SALES, LLC,<br>a corporation,<br><br>THE HOME BUSINESS GROUP,<br>a corporation,<br><br>LAWRENCE R. BIGGS, JR.,<br>individually and as an officer of<br>AmeraPress, Inc. and of Voxcom Sales,<br>LLC,<br><br>KIM CROWTHER,<br>individually and as an officer of The<br>Home Business Group, and<br><br>DONALD G. MCCLELLAN,<br>individually and as an officer of<br>AmeraPress, Inc. and of The Home<br>Business Group and as a director of<br>Voxcom Sales, LLC,<br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO.<br>4-98CV-0143A<br><br>AGREED ORDER |

Came on to be heard the above styled and numbered cause and the Court, having reviewed the papers and having considered the arguments of counsel and the agreements of counsel, finds that the following Order shall be entered:

---

AGREED ORDER                                                                        PAGE 1

## Consolidated Trial

1.    The hearing on Plaintiff's request for preliminary injunction and the trial on the merits shall be consolidated and the trial shall take place on April _27_, 1998. Between now and the date of such trial, this Agreed Order shall control the actions of the parties, as set forth below.

2.    Upon entry of this Order, the parties previously filed Joint Motion for Postponement of the Hearing for Preliminary Injunction shall be deemed to be withdrawn and to be null and void.

## Definitions

A.    "Assets" means any legal or equitable interest in, right to, or claim to, any real and personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, shares of stock, contracts, leaseholds, inventory, checks, notes, accounts, credits, receivables, and all cash, wherever located.

B.    "Named Defendants" means AmeraPress, Inc., Voxcom Sales, LLC, The Home Business Group, Lawrence R. Biggs, Jr., Kim Crowther, Donald G. McClellan and each of them.

C.    "Defendants" means the Named Defendants and their officers, agents, servants, employees, and all persons or entities directly or indirectly under their control.

## Future Business

3.    In connection with promoting, offering for sale, or selling business ventures involving the sale of pre-paid calendars, business cards, and similar items to the public, Defendants agree that they will not: (a) falsely represent, directly or by implication, that consumers who purchase the business ventures can reasonably expect to achieve a specific

level of earnings; or (b) falsely represent, directly or by implication, or fail to disclose, any fact material to a consumer's decision to purchase business ventures involving the sale of pre-paid calendars, business cards, trading cards, and similar items to the public or other products or services from the Defendants.

4.    Between the date of entry of this Order and the date of the trial on the merits, Defendant Home Business Group will make good faith efforts to make an audio tape of each seminar it conducts.  Plaintiff shall be allowed access to 10% of these tapes, to be selected by Plaintiff.  Defendant Home Business Group will provide Plaintiff with a copy of such tapes selected, within five (5) business days of a request for same by the Plaintiff.  The reasonable cost of the taping shall be paid by Plaintiff.  Defendant Home Business Group will keep such tapes for a period of 60 days from the date of the seminar or until the conclusion of the hearing on the merits of this case, whichever is sooner.

5.    If Defendant AmeraPress, Inc. utilizes any sales script in its presentations to consumers during the pendency of this Order, it shall provide a copy of that script to the counsel for the Federal Trade Commission within five (5) business days of the time the script is initially utilized.

Assets

6.    The Court finds and orders that each of the Named Defendants shall be allowed to continue paying expenses that such Named Defendant incurs during the ordinary course of business or personal affairs.  Such monthly expenses shall not exceed Thirty-seven Thousand Dollars ($37,000.00) for Defendant Lawrence R. Biggs, Jr., Twenty-five Thousand Dollars ($25,000.00) for Defendant Donald McClellan, and Twenty-five Thousand Dollars ($25,000.00) for Defendant Kim Crowther.  For any partial month period during the

duration of this Order, including the period from February 19, 1998 to the date of this Order, the individual pro rata amount shall be allowed.  The Named Defendants are additionally allowed to pay all required IRS taxes by their due date(s).  During the pendency of this Order, each corporate Named Defendant shall submit to Melody Wilkinson by 5:00 p.m. on each Tuesday, a balance sheet, income-expense statement and check register for the previous week.  During the pendency of this Order, Lawrence R. Biggs, Jr., Donald McClellan, and Kim Crowther shall submit to Melody Wilkinson a statement made under penalty of perjury which reflects approximately the total expenditures which that individual Named Defendant made that month.  Such statement shall be submitted by the 5th day of the month following the month the expenses were incurred.  Any expenses which are not incurred in the ordinary course of business or personal affairs must be approved in advance by Melody Wilkinson.  If Ms. Wilkinson determines that such expenditure should not be made, Defendants may submit the matter to the Court for resolution.

7.    In addition, Defendant Kim Crowther shall be allowed to pay reasonable construction costs of the house located at 157 East Boulder Springs Road, St. George, Utah 84770 which may become due during the duration of this Order.  In no event shall such expenses exceed $30,000 per month.  Further, he is permitted to pay additional construction costs of such house during the duration of this Order from funds obtained from Beehive Credit Union by loan agreement dated December 22, 1997.  Kim Crowther shall provide receipts regarding construction expenses to Melody Wilkinson.

8.    For the purposes of this Order, Vendworx has the same duties and responsibilities as the corporate Named Defendants with respect to making transfers only in the ordinary course of business and providing a balance sheet, check register and income

statement as set forth in Paragraph 6 of this Order. Additionally, from the date of this Order, to the extent that any disbursement exceeds the sum of $1,000.00 and is not reflected in the foregoing documents, Vendworx shall report such transfer. This report shall be provided on a weekly basis on the Tuesday following the week being reported and shall be provided to both Melody Wilkinson and to the Federal Trade Commission. If the Federal Trade Commission does not file a complaint against Vendworx within thirty (30) days of entry of this Order, Vendworx shall no longer have any duties and responsibilities under the terms of this Order.

9. The Named Defendants shall be entitled to spend funds for reasonable and necessary attorney's fees and related litigation expenses. To the extent that any one attorney represents multiple Named Defendants, those fees will be divided pro rata among such Named Defendants. The Named Defendants shall submit their reasonable and necessary attorney's fees to Melody Wilkinson for a review as to the reasonableness of such fees. If Melody Wilkinson believes that the fees or expenses are inappropriate she may submit the matter to the Court for resolution.

10. Each Named Defendant agrees to prepare and deliver to Melody Wilkinson within ten (10) days of the entry of this Order:

A. A schedule, verified under oath, identifying the nature, location, and dollar value, estimated if necessary, and including any encumbrances, of each asset or piece of property with an estimated value of $1,000 or more, and each piece of real property without regard to its estimated value, that is owned or held directly or indirectly, of record or beneficially, by each Named Defendant, by the spouse of each

individual Named Defendant or by the dependent children of each individual Named Defendant as of the dates specified below:

(i)     The corporate Named Defendants shall provide such information "as of" December 31, 1997, February 19, 1998, and February 27, 1998.

(ii)    The individual Named Defendants shall provide such information "as of" February 18, 1998, and for the period February 19, 1998 through February 27, 1998.

B.  Each schedule shall specify the name and address of each financial institution and brokerage firm at which any Defendant has accounts or safe deposit boxes.  Said schedules shall include assets held in foreign countries as well as domestically.

11.     In providing Melody Wilkinson with the documents required by this Order, the Defendants and Vendworx do not waive their right to assert applicable privileges or to assert that any document is confidential.

12.     The Named Defendants agree to immediately provide a copy of this Order to each affiliate engaged in the sale or provision of business opportunities as well as any subsidiary, division, successor, assign, officer, director, employee and attorney, and shall, within twenty (20) days from the date of entry of this Order, provide the Plaintiff with a sworn statement that the Named Defendants have complied with this provision of the Order. For purposes of this Order, the term "employee" is limited to those employees engaged in sales and those employees engaged in direct contact with distributors.  Defendants will be deemed to have complied with the requirement of "providing" a copy of the Order to such

persons if the Defendant shows the Order to the person, allows the person to read the Order and obtains a signed acknowledgement by that person that they have read the Order.

<u>Ms. Wilkinson</u>

13.    The Court hereby appoints Melody Wilkinson of the firm of Cantey & Hanger, L.L.P. as temporary receiver for the / sole and only purpose of receiving and reviewing the financial information which is to be provided pursuant to paragraphs 6 - 10 above and to perform the functions specified in paragraphs 6 - 10 above.

14.    Defendants agree to fully cooperate with and assist Ms. Wilkinson in her duties of receiving and reviewing financial information by providing information reasonably requested (and/or executing documents which might enable her) to obtain information from third party banks or other persons or entities with knowledge of Defendants' assets, relative to the existence of, nature of, movement of and status of assets.

15.    The Parties agree that Melody Wilkinson and all personnel reasonably hired by Ms. Wilkinson in her prior capacity as Temporary Receiver, including counsel to the Receiver and accountants, and other such personnel, reasonable and necessary to the Temporary Receivership estate, are entitled to reasonable compensation for the performance of duties pursuant to the Temporary Restraining Order and for the cost of actual out-of-pocket expenses incurred by them.

16.    Ms. Wilkinson shall, after approval by this Court, receive reasonable compensation for her future services and shall be authorized to secure the services of an accountant to assist her, but the total additional cost of this accountant's services may not exceed $2,000.00 during the term of this Order, without the prior approval of this Court.

17.    The Named Defendants agree to place Twenty-five Thousand Dollars

($25,000.00) in the Cantey & Hanger, L.L.P. trust fund account within seven (7) days of the entry of this Order.  This $25,000.00 amount in the Cantey & Hanger trust account shall in no way be deemed a cap of funds to be paid to Ms. Wilkinson for fulfilling her duties as Temporary Receiver or any other duties as set forth in this Order.  From this account, upon application to and approval of the Court, Ms. Wilkinson will be paid for her prior services by the Defendants.  Nothing in this Order shall in any way affect the provisions contained in Section X of the Temporary Restraining Order relative to payment of reasonable compensation and costs and out-of-pocket expenses to the Temporary Receiver.  However, nothing herein precludes Defendants' ability to seek further orders from this Court, including, asking to have Ms. Wilkinson's fees, past and future, taxed as costs.  This provision shall not modify any existing agreement between the Federal Trade Commission and Melody Wilkinson.

18.    Melody Wilkinson, her firm, and their agents and employees, are absolved from any and all liability from any and all actions performed as Temporary Receiver during the pendency of the Temporary Restraining Order and shall incur no liability for any actions, taken as the Temporary Receiver of any Named Defendant, including but not limited to the past operations of the business of any Named Defendant or Named Defendant's affiliate. Ms. Wilkinson, her firm, and their agents and employees shall not have personal liability for actions conducted in the future in conformance with this Order.

19.    By agreeing to the entry of this Order, none of the parties hereto admit any wrongdoing or waive, relinquish or compromise any cause of action, claim or defense which otherwise might exist.

20. This Order shall expire upon the trial of the merits, unless otherwise extended by the Court for good cause or by agreement of the parties.

SIGNED this 27 day of February, 1998.

Judge John McBryde

AGREED:

Gary D. Kennedy
Oklahoma Bar No. 0004961
Susan E. Arthur
Texas Bar No. 01365300
**Federal Trade Commission**
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
214-979-9379 (Kennedy)
214-979-9370 (Arthur)
214-953-3079 (Facsimile)
**Attorneys for Plaintiff**

William M. Parrish
Texas Bar No. 15540325
**Jenkins & Gilchrist**
600 Congress Avenue, Suite 2200
Austin, Texas 78701-3215
512-499-3893
512-404-3520 (Facsimile)
**Attorneys for AmeraPress, Inc.
and The Home Business Group**

Mark C. Enoch
Texas Bar No. 06630360
**Glast, Phillips & Murray, P.C.**
13355 Noel Road, Suite 2200
Dallas, Texas  75240-6657
972-419-8300
972-419-8329 (Facsimile)
**Attorneys for AmeraPress, Inc.,
Voxcom Sales, LLC, Donald G. McClellan
and Lawrence R. Biggs, Jr.**

Michael J. Kelly
Utah Bar No. 5301
**Jones, Waldo, Holbrook & McDonough**
1500 Wells Fargo Plaza
170 South Main Street
Salt Lake City, Utah  84101
801-521-8300
801-328-0537 (Facsimile)
**Attorneys for Kim Crowther and Vendworx**

Mark G. Enoch
Texas Bar No. 06630360
Glast, Phillips & Murray, P.C.
13355 Noel Road, Suite 2200
Dallas, Texas  75240-6657
972-419-8300
972-419-8329 (Facsimile)
Attorneys for AmeraPress, Inc.,
Voxcom Sales, LLC, Donald G. McClellan
and Lawrence R. Biggs, Jr.

Michael J. Kelly
Utah Bar No. 5301
Jones, Waldo, Holbrook & McDonough
1500 Wells Fargo Plaza
170 South Main Street
Salt Lake City, Utah  84101
801-521-8300
801-328-0537 (Facsimile)
Attorneys for Kim Crowther and Vendworx