U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY - 4 1998
NANCY DOHERTY, CLERK
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FEDERAL TRADE COMMISSION,      §
                               §
          Plaintiff,           §
                               §
VS.                            §    NO. 4:98-CV-143-A
                               §
AMERAPRESS, INC., ET AL.,      §
                               §
          Defendants.          §

## ORDER

The court has received and considered:

(1)  Temporary Receiver's First and Final Accounting and Report of Administration;

(2)  Temporary Receiver's Application for Compensation for Receiver's Fees, Receiver's Assistants' Fees and Attorneys' Fees;

(3)  Temporary Receiver's Supplemental Report;

(4)  Opposition of Amerapress, Inc. and Home Business Group, Inc. to Temporary Receiver's Application for Compensation for Receiver's Fees and Receiver's Assistant's Fees and Attorneys Fees and Brief in Support of Opposition;

(5)  Plaintiff's Response to Defendants' Opposition to Temporary Receiver's Application for Fees; and

(6)  Temporary Receiver's Reply to Opposition of Amerapress, Inc. and The Home Business Group, Inc., to Temporary Receiver's Application for Compensation.

While the court does have serious reservations about two pre-litigation agreements between Melody Wilkinson, who served as receiver and then as "temporary receiver," and Federal Trade

88

THIS DOCUMENT ENTERED
ON DOCKET ON
5. 5. 19 98
PURSUANT TO F.R.C.P.
RULES 58 AND 79(a).

Commission ("FTC"), the court finds that the agreements were not entered into by Ms. Wilkinson with improper motive and that neither of the agreements adversely affected her impartiality, caused her to breach any fiduciary responsibility she had to any of the parties to this action, or caused her to fail to honor any obligation she had to the court.  The agreements of concern to the court are (i) the agreement, as the court reads it, that constituted a commitment made by Ms. Wilkinson in advance of her appointment as receiver that she would not collect any amount from FTC as fees and expenses of her receivership — in effect, a commitment by Ms. Wilkinson that she would take appropriate steps to cause the recovery of fees and expenses of the receivership to be paid from the funds of the receivership defendants, and (ii) the Non-Disclosure Agreement, on a form provided by FTC, by which Ms. Wilkinson solemnly swore that she would not divulge FTC data to any unauthorized person for any purpose, and committed that she would not directly or indirectly use, or allow the use, of FTC data "for any other purpose other than that directly associated with [her] officially assigned duties."  As to the latter agreement, the explanation given by FTC and Ms. Wilkinson for the Non-Disclosure Agreement is an acceptable explanation for the making of such an agreement.  But, the court suggests that in the future, if a non-disclosure agreement of the kind the parties say they intended to make is entered into, it be worded in such a way that there is no question concerning the purpose, intent, and limited scope of the agreement, and provide  that it terminates

automatically upon appointment of the proposed receiver as the receiver. As to the former, the court considers that the agreement is inappropriate. The fees and expenses of the receiver normally would be considered costs of court, to be paid by the party against whom court costs are taxed. As an officer of the court, who serves for the benefit of all parties affected by the receivership, the receiver should not enter into an agreement with any party that has the potential, however slight, of causing the receiver to have a personal interest in the outcome of the proceedings. The agreement between Ms. Wilkinson and FTC relative to payment of fees and expenses of the receivership had such a potential. But, as noted above, the court is satisfied that the agreement did not in any manner enter into any decisions made by Ms. Wilkinson or any actions taken by her as receiver.

The court is satisfied that all fees and expenses for which Ms. Wilkinson, as temporary receiver, ("Temporary Receiver") seeks compensation were fees and expenses necessarily incurred in performance of her duties, first as receiver and then as Temporary Receiver, and that the amounts shown as charges for such fees and expenses are reasonable. The court hereby grants the Temporary Receiver's Application for Compensation for Receiver's Fees, Receiver's Assistants' Fees and Attorneys' Fees. The court finds that there is no further necessity for the temporary receivership, and that good cause appears for the discharge of Ms. Wilkinson as Temporary Receiver.

It appears to the court, and the court finds, that:

(a)  the Temporary Receiver has fully complied with the orders of the court and accounted for all assets and funds received and expended or distributed by the Temporary Receiver, to and including the date of the final report and account, as well as the supplemental report, and that the Temporary Receiver's Account is correct;

(b)  the Temporary Receiver has expended time in the performance of her duties as Temporary Receiver for the Receivership estate, both during the pendency of the Temporary Restraining Order and this Court's Agreed Order of February 27, 1998, and that the services have been beneficial to the estate;

(c)  the Temporary Receiver's legal counsel, Cantey & Hanger, L.L.P., and Temporary Receiver's assistants, Martin N. Olsen and Glen D. Tuggle, have expended reasonable and necessary time in the performance of their respective duties for Temporary Receiver and the Receivership estate, and that their respective services have been beneficial to the estate;

(d)  there are sufficient funds in defendants' possession from which Receiver's fees and expenses may properly be paid, and that it would be just and equitable to allow payment from defendants; and

(e)  defendants have already paid $25,000 and previously forwarded said sum to the Cantey & Hanger, L.L.P.

4

Trust Fund account for partial payment of Receiver's fees and expenses following approval by the court.

The court ORDERS, ADJUDGES and DECREES that Temporary Receiver's First and Final Accounting and Report of Administration and Temporary Receiver's Supplemental Report are approved and she is discharged as Receiver.

The court further ORDERS, ADJUDGES and DECREES that the Receiver's Bond obtained during the pendency of the Temporary Restraining Order is released and the surety on the Bond is discharged from further obligation.

The court further ORDERS, ADJUDGES and DECREES that the receivership is closed and terminated in all respects.

The court further ORDERS, ADJUDGES and DECREES that Temporary Receiver be awarded $44,954.33 as Temporary Receiver's fees and for reimbursement of out-of-pocket expenses, and that Temporary Receiver is authorized to immediately pay $25,000 to Cantey & Hanger, L.L.P. as compensation for receiver's fees from the $25,000 sum deposited in March 1998 to the Cantey & Hanger, L.L.P. trust fund account.

The court further ORDERS, ADJUDGES and DECREES that the balance, in the amount of $19,954.33, of the Temporary Receiver's fees and expenses be paid by the defendants to Cantey & Hanger, L.L.P. to the attention of Melody M. Wilkinson on or before the

5

15th day of May, 1998, and that Ms. Wilkinson immediately pay her assistants upon receipt of the funds from the defendants.

SIGNED May 4, 1998.

_____
JOHN McBRYDE
United States District Judge